IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERON CORPORATION<br>230 Constitution Drive<br>Menlo Park, CA 94025<br><br>Plaintiff,<br><br>v.<br><br>HON. David Kappos<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA  22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA  22314<br><br>Defendant. | Case No._____ |

## COMPLAINT

Plaintiff, Geron Corporation ("Geron"), for its complaint against the Honorable David Kappos, states as follows:

### NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,494,982 ("the '982 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '982 patent be changed from 238 days to at least 555 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

-1-

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6. Plaintiff Geron is a corporation organized under the laws of Delaware, having a principal place of business at 230 Constitution Drive, Menlo Park, CA 94025.

7. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8. Sergei Gryaznov and Krisztina Pongracz are the inventors of U.S. patent application number 10/938,184 ("the '184 application") entitled "Modified oligonucleotides for telomerase inhibition," which was issued as the '982 patent on February 24, 2009. The '982 patent claims compositions useful for the inhibition of telomerase. The '982 patent is attached as Exhibit A.

9. Plaintiff Geron is the assignee of the '982 patent, as evidenced by the assignment documents recorded in the PTO.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '982 patent reflecting that determination.

13. Plaintiff Geron filed a Request for Reconsideration of Patent Term Adjustment on April 22, 2009, requesting that the term of this patent be adjusted by 555 days.

14. 35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such an action."

## **CLAIM FOR RELIEF**

15. The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set forth.

16. The patent term adjustment for the '982 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '982 patent, is 238 days. (*See* Ex. A at 1.) The determination of this 238 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred after the date that was three years after the actual filing date of the '184 application, pursuant to 35 U.S.C. § 154(b)(1)(A). The PTO further erred in charging the patentee with an additional 33 days of Applicant Delay for the filing of drawings on December 22, 2008. The correct patent term adjustment for the '982 patent is at least 555 days.

17. The '184 application was filed on September 9, 2004, and issued as the '982 patent on February 24, 2009.

18. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 453 days.

19. Under 35 U.S.C. § 154(b)(1)(B) and 37 C.F.R. § 1.703(b)(1), the number of days between the date that was three years after the actual filing date of the '184 application (*i.e.*, September 9, 2007) and the date that a Request for Continued Examination ("RCE") was filed (*i.e.*, July 14, 2008) ("B Delay") is 309 days.

20. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 182 days.

21. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '982 patent

(*i.e.*, the period of "A Delay" that occurred between September 9, 2007 and July 14, 2008) is 25 days.

22. The '982 patent is not subject to a disclaimer of term. Thus, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

23. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (453 + 309= 762 days) reduced by the number of days of "A delay" that occurred more than three years after the filing date of the '184 application and before the filing of an RCE (25 days) and reduced by the number of days of applicant delay (182 days) for a net adjustment of 555 days.

24. The Director erred in the determination of patent term adjustment by treating the entire period of PTO examination delay, and not only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '184 application, as the period of overlap between the "A Delay" and the "B Delay." Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 309 days, rather than the correct number of 25 days, and arrived at a net patent term adjustment of 238 days.

25. The Director further erred in the determination of patent term adjustment by charging an additional 33 days of Applicant Delay on December 22, 2008. The Patent Office issued a Communication after Allowance on December 10, 2008, requesting corrected drawings. Applicants responded with the corrected drawings and an Amendment under 37 C.F.R. § 1.312 on December 22, 2008. The Office mailed its Response to the Amendment on January 22, 2009. Under 37 C.F.R. § 1.704(c)(10)(i), the Applicant Delay for such an Amendment is the number of days beginning on the date the Amendment under § 1.312 is filed and ending on the mailing date

of the Office Action or Notice in response to the Amendment. Accordingly, the 32 days charged to Applicants on January 22, 2008, is correct, but the additional 33 days charged on December 22, 2008 is not.

26. In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '982 patent is properly determined to be 555 days, as set forth above.

27. The Director's determination that the '982 patent is entitled to only 238 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A.   Changing the period of patent term adjustment for the '982 patent term from 238 days to 555 days and requiring the Director to extend the term of the '982 patent to reflect the 555 day patent term adjustment.

B.   Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: August 17, 2009

Respectfully submitted,

**Of Counsel:**
Elizabeth E. Mathiesen
FINNEGAN, HENDERSON,
FARABOW GARRETT &
DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142-1215
(617) 452-1600

Kenneth J. Meyers, Bar No. 106449
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff
Geron Corporation